## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

CHITTENDEN COUNTY, JUNE ADJOURNED
TERM, A. D. 1803.

JONATHAN ROBINSON, *Chief Judge.*
ROYALL TYLER, } *Assistant Judges.*
STEPHEN JACOB, }

WILLIAM WALLACE
*against*
BENJAMIN FARNSWORTH.

*Vermont Stat. vol. 1. p. 90. For form of the writ, see vol. 2. p. 356.*

*A plaintiff in ejectment brought under the 88th section of the judiciary act, is not obliged to join a landlord with the tenant in possession, who holds by parol lease, or by written lease unrecorded, unless it can be proved, that the plaintiff had knowledge of the existence of such lease.*

IN ERROR. *Oyer* of the record craved, *et in nullo est erratum* pleaded.

Upon inspection of the record, it appeared, That *Wallace*, the plaintiff, had impleaded the defendant in an action of ejectment, in the novel mode of bringing such action, provided by the 88th section

2

of the judiciary act, which is, " that instead of the circuitous mode of prosecuting for the recovery of landed property, heretofore used in this State, any person having claim to the seisin and possession of lands, tenements and hereditaments, shall have an action by writ of ejectment, according to the nature of the case as nearly as may be, agreeably to the form prescribed by law, which action shall in all cases be brought, as well against the landlord or landlords, if any there be, as against the tenant or tenants in possession of the premises demanded; *and if any such action be otherwise brought,. the same shall on motion be abated;* and the judgment recovered in such action shall, while remaining in force, be conclusive against the defendant or defendants, their heirs or assigns; and if the plaintiff or plaintiffs shall neglect to join the landlord or landlords, if any there be, with the tenant or tenants in such action; or shall, by collusion with the tenant or tenants, recover judgment against him, her or them, for the seisin or possession of any lands, tenements or hereditaments, such landlord or landlords shall not be prejudiced thereby, but shall, in any trial thereafter to be had, of his, her, or their right to such lands, tenements, or hereditaments, against the person or persons so recovering as aforesaid, or any holding or deriving claim from or under him, her or them, be taken and holden to have the prior possession."

The plaintiff entered his action at the *February* term of *Chittenden* County Court, A. D. 1802.

Wallace<br>v.<br>Farnsworth.

*Plaintiff's Declaration.*

Summon *Benjamin Farnsworth*, of, &c. to appear, &c. to answer unto *William Wallace*, of, &c. in a plea that to the said *Wallace*, plaintiff, the said *Farnsworth*, defendant, render the seisin and peaceable possession of a certain tract or parcel of land, with the appurtenances, lying and being in *Richmond* aforesaid, bounded on *Onion* river, being next above *Bolton Old Corner*, and being the same farm on which the late *Joseph Wilson* formerly lived; who in his life-time mortgaged the same to the plaintiff, and on which the said *Benjamin Farnsworth* now lives, occupies, and improves, of which tract or parcel of land the said *Wallace*, on the first day of *June*, 1801, was well seised and possessed in his own right in fee, and continued thereof possessed until the first day of *September* then next following, when the said *Benjamin Farnsworth*, without law or right, and contrary to the will of the said *Wallace*, thereinto entered, and ejected, expelled, and amoved the said *Wallace* therefrom, and ever since hath, and still doth keep the said *Wallace* from the premises, taking the whole profits thereof to himself, which is to the damage of the plaintiff, as he says, 1,000 dollars; to recover which, and the peaceable possession of the premises, together with just costs, he the said *William Wallace* brings this suit.

At which term the defendant appeared, and the cause was continued until the *February* term, 1802, and again continued until the *September* term, 1802, when the defendant filed the following plea :

*Chittenden County Court,*
*September term, A. D.* 1802. ⎱ ⸱ Now the defendant
here in Court comes and defends the force and in-
jury, when, &c. where, &c. and pleads and says,
that he is not guilty in manner and form as the
plaintiff in his declaration hath alleged, and thereof
puts himself on the country for trial.

By his attorney,

*Isaac M'Niele.*

And the plaintiff likewise.

By his attorney,

*Samuel Miller.*

The cause was then continued until the *February*
term, 1803, when the defendant filed the following
motion:

*State of Vermont.* ⎱ *Chittenden* County Court, *Fe-*
*Chittenden,* ss.   ⎰ ⸱ *bruary* term, A. D. 1803.

*William Wallace,* plaintiff,
v.
*Benjamin Farnsworth,* defendant.

And now the said *Benjamin* in Court doth mo-
tion, that the plaintiff's said writ and process may
abate and be dismissed; for that the same is a writ
of ejectment brought against the said *Benjamin;*
that the lands therein described are lands which the
said *Benjamin,* at the time of the service of the said
writ, held and possessed by a verbal lease under *Sa-*
*rah Wilson,* who then did, and yet does, possess the
same lands, as administratrix on the estate of *Joseph*

*Wilson*, deceased, intestate, and that the said *Benjamin* had, before and after the service of said writ, hired and leased the said lands of the said *Sarah Wilson*, and hath not held the same by any other title or claim, and for that the same action being brought, and said writ being served on the said *Benjamin*, and not on the said *Sarah*, as it ought to have been, according to the statute in such case made and provided, the said *Benjamin* prays said writ and process may be abated and dismissed, and *he* have his costs. By

*Harrington & M'Niele.*

On this motion the County Court ruled the action abated, and taxed costs for the defendant.

To reverse this judgment the present writ is brought.

And now the said *William Wallace* in fact says, that in proceeding to and rendering said judgment, manifest error hath intervened.

First. For that by law no judgment in favour of the defendant can be predicated on said motion or plea of the defendant as aforesaid.

Secondly. For that no such plea in abatement can by law be exhibited after pleading the general issue and joinder therein, and after continuance had in said cause.

Thirdly. For that it is unnecessary to join any pretended landlord or landlady with any pretended tenant, unless such tenancy appear by deed or contract in writing, and is put upon public record.

Fourthly. For that by said motion or plea, it does not appear that the said *Benjamin Farnsworth* was or is tenant to the said *Sarah Wilson*, or that said *Sarah*

*Wilson* had or hath any claim or title to the premises.

Then followed a general assignment of errors.

This cause was submitted without argument, and the Court, after stating the substance of the record, with the exceptions in error, delivered the following opinion:

*Curia.* The Court are decidedly of opinion, that the County Court erred in suffering the plea or motion in abatement to be filed after the general issue had been pleaded and joined, and after imparlance. An abatement being a dilatory plea, should not be pleaded after imparlance, and surely not after the general issue had been pleaded and joined; but it is probable in this instance, the County Court considered itself bound to depart from the general rule of practice by the words of the statute, which are, " that if any such action shall be otherwise brought, the same shall on motion be abated," without specifying the time at which such motion shall be filed. But it may be observed, that the object of the statute is to prevent an injury which may be received by the landlord by a judgment in ejectment against his tenant, without his being made privy to the suit. The tenant may therefore show his tenancy in abatement; and it is his duty to do it on the second day of the first term, according to the established rule of practice; but if he should neglect to do this, " the judgment shall, while remaining in force, be conclusive against him, his heirs and assigns;" but such judgment shall not prejudice the landlord, for the statute in the ensuing clause declares, " that if the plaintiff or plaintiffs shall neglect to join the landlord or

landlords, if any there be, with the tenant or tenants in such action, or shall, by collusion with the tenant or tenants, recover judgment against him, her, or them, for the seisin or possession of any lands, tenements or hereditaments, such landlord or landlords shall not be prejudiced thereby, but shall, in any trial thereafter to be had, of his, her, or their right to such lands, tenements, or hereditaments, against the person or persons so recovering as aforesaid, or any holding or deriving claim from or under him, her, or them, be taken and holden to have the prior possession." So that the waiver of the plea in abatement by the tenant, cannot injure the landlord eventually; and *the motion*, as it is styled in the statute, stands upon the ground of every other plea in abatement, and should have been subjected to the same rule of pleading.

The second exception merits attention, as this is the first time this clause of the statute has come under the particular consideration of the Court. The words of the statute are, " which action (*the action of ejectment*) shall in all cases be brought as well against the landlord or landlords, if any there be, as against the tenant or tenants in possession of the premises demanded."

The question is, what is the intent of the statute in the word tenant ? or rather, what shall be the evidence of such tenancy, as renders it incumbent on the plaintiff to join the landlord with the tenant in the action of ejectment? Does the statute intend a tenant by indenture of lease? and must such be recorded, or does it intend a tenancy by mere parol? Were the question only what the nature of the tenancy should be, the Court would be inclined to consider,

that as the object of the statute is to prevent a judg-
ment in ejectment against the tenant, it would be
immaterial·what the tenure was.  It would be suffi-
cient that it was such between the tenant and the
landlord; that it was suitable that the former should
give notice to the latter of the suit, for the brevity or
weakness of the.tenant's tenure ought not to affect
the landlord's privilege of being made privy to the
action.  The statute provides, that " the plaintiff
shall join the landlord or landlords, *if any there be.*"
The term tenant does not necessarily imply a land-
lord, excepting as all lands are held under the sove-
reign as lord paramount; and the term " *tenant*,"
when not put in apposition with " *landlord*," as in
·case there be no landlord, is borrowed from our
former mode of bringing the action of ejectment by
*lease, entry and ouster*, where there was a supposed
·tenancy by actual lease; but the term tenant here
supposes a mere tenant by possession, or the actual
possessor of the land : therefore the statute speaking
of a possible landlord, says, " *if any there be.*"

What then shall be plenary evidence to the plain-
tiff, that there is any landlord who it is incumbent on
him to join with the tenant in possession, or the ac-
tual possessor of the land, in his action of ejectment?
for it seems the existence of a landlord is a point ne-
cessary to be determined by the plaintiff on the impe-
tration of his writ.  If a person ejects another from
his land, and the plaintiff brings his action against
him, not knowing of any person under whom the
ejector may hold, it might seem unreasonable that
the ejector should .defeat his process by showing,
that by a contract known only to the parties, he was
a tenant to. some one.  On the other hand, if the

Wallace
v.
Farnsworth.

plaintiff was at all times allowed to plead ignorance of the ejector's holding as a *lessee*, the statute would be defeated. Where then shall the line be drawn to give the statute a rational construction?

*Vermont* Stat.
vol. 1. p. 189.
c. 10. s. 5.

The act regulating the conveyances of real estates, and for the prevention of frauds therein, is considered by the Court to bear upon this subject, when it enacts, " that no deed of bargain and sale, mortgage, or other conveyance in fee-simple, ee-tail, or for term of life, or any lease for more than one year from the making thereof of any lands, tenements, or hereditaments in this State, shall be good and effectual in law to hold such lands, tenements, or hereditaments against any other person or persons but the grantor or grantors, and their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner aforesaid." Here appears to be a line drawn between the evidences of land tenures which shall be considered to be known to third persons, and those which third persons are not obliged to notice, though they shall enure against the contracting parties, their heirs and assigns.

The Court do not, however, go so far as to say, that in every case of parol lease the plaintiff in ejectment is excused from joining the landlord with the tenant in an action against the latter; for if the knowledge of the existence of the lease can be carried home to the plaintiff, his writ shall abate, if he has neglected to join the landlord with the tenant. But then, if the defendant, when sued alone, would take advantage of this, he must set forth such knowledge in the plaintiff in his plea in abatement.

The Court therefore consider, that a plaintiff in ejectment, brought under the 88th section of the ju-

diciary act, is not obliged to join a landlord with the tenant in possession, who holds by *parol lease,* or written lease unrecorded, unless it can be proved that the plaintiff had knowledge of the existence of such lease. As such knowledge in the plaintiff is not alleged in the defendant's motion or plea in abatement, the Court consider, that the County Court erred in abating the plaintiff's process for the cause therein assigned.

The remaining exceptions in error, as the former are held valid, do not require a particular consideration at this time.

Let judgment be entered, that the Court having inspected the record, do find that there is error in the same, and that the judgment of the County Court be reversed.

TYLER, Assistant Judge, hesitated in opinion as to the second exception. He noticed, that the plaintiff had in his declaration, in describing the land, alleged, that it was " the same farm on which the late *Joseph Wilson* formerly lived, who in his life-time mortgaged the same to the plaintiff." This implied, that the fee of the lands demanded by an existing contract, was in the heirs of the intestate *Wilson,* whose administratrix is set forth in the defendant's motion or plea in abatement to have been his lessor. The plaintiff, as mortgagee, must have been conusant of the claim of the representatives of *Wilson;* and as lands in this State are or may be assets in the hands of the administrator, or at least held by him for certain purposes, and for an uncertain time, to be divided among the heirs, through the administrator's instrumentality, under a decree of the probate,

*Wallace
v.
Farnsworth.*

the plaintiff must have had such knowledge of the tenancy by his own showing, as rendered it incumbent on him to join the lessor with the tenant; but he concurred with his brethren as a general rule, that the plaintiff in an action of ejectment brought under the 88th section of the judiciary act, is not obliged to join a landlord with the tenant in possession, who holds by parol lease, or written lease unrecorded, unless it can be proved that the plaintiff, before the impetration of his writ, had knowledge of the existence of such lease; and that, if the tenant would take advantage of this in abatement, he must specially allegate such science in the plaintiff in his plea.

*Samuel Miller* and *Amos Marsh*, for plaintiff.
*William C. Harrington*, for defendant.