DAVID M. WHITTAKER *v.* MARTIN PERRY, GEORGE T. ALLEN AND JOHN W. MOORE.

*Pleading.   Recognizance.   Forcible Entry and Detainer.*

Where a plea is filed in the justice court and an appeal taken, the defendant may, but need not, file a new plea in the county court.

A plea in abatement, defective in form as such, may be sufficient as a motion to dismiss for want of a recognizance for costs. The plea in this case so held.

In a case of forcible entry and detainer the justices issuing the warrant, authorized by § 4, ch. 46, G. S., should take security for the costs of prosecntion, or the proceedings will be dismissed upon motion.

FORCIBLE ENTRY AND DETAINER.   The complaint was signed by Marshall Newton, assistant judge of Windham County Court, and by W. E. Osgood, justice of the peace.   The defendants filed a plea in abatement in the justice court, as follows :

"The said defendants move this honorable court that said process abate, because they say that said process was issued by said Marshall Newton, assistant judge of Windham County Court, and said Willard E. Osgood, justice of the peace, within and for said county, without any security being given to the defendants by way of recognizance by any person other than the plaintiff that the plaintiff would prosecute his writ to effect, and pay all damages, if judgment be rendered against him ; and also without any minute of any recognizance with the name of any surety, or the sum in which he was bound being indorsed on said writ, at the same time signing the same."

The defendants also pleaded a judgment, recovered in action of trespass against the same parties, in bar,—to which the plaintiff demurred.

The court, at the September Term, 1864, BARRETT, J., presiding, sustained the demurrer and adjudged the plea insufficient, and rendered judgment for the plaintiff for restitution of the premises, and that the defendants pay a fine of ten dollars, and the costs,—to which the defendants excepted.

Other facts appear in the opinion of the court.

*Field & Tyler* and *Butler & Wheeler*, for the defendants.

*Charles N. Davenport*, for the plaintiff.

PIERPOINT, J. The first question is in regard to the plea in abatement. The plea was filed before the magistrate. No new plea was filed in the county court. When the question came up on this plea, at the second term after the suit was entered in the county court, it was adjudged insufficient as not having been filed in that court, and as defective in substance.

We think it was not necessary that a new plea should have been filed in the county court. The appeal took the case to the county court as it stood before the magistrate. A new plea is no more necessary in the county court than a new declaration,—the parties may file either, but are not obliged to. If they do not, they must go to trial upon the pleadings as they stood before the magistrate.

Is the plea in abatement defective? As a technical plea in abatement we think it is defective in form; but as a motion to dismiss, which is all that the statute requires to take advantage of the want of a recognizance for costs in the writ, we think it is sufficient.

The question then arises, is a recognizance for costs necessary, upon the issuing of a process of this character?

By § 29, ch. 31, G. S., it is provided that "suits returnable before a justice, may be commenced by writ of summons or attachment, signed by the justice to whom it is made returnable, and before issuing it, such justice shall take security for the costs of prosecution."

Is this proceeding a suit within the meaning of this section of the statute? It is a proceeding between the individual parties to it, the plaintiff and defendants, in which the public have no special interest, instituted upon the complaint of the plaintiff to redress an injury

alleged to have been done to him by the defendants. He has the entire control of it, and may prosecute, or discontinue it at pleasure. He is made responsible to the defendants for costs, in case he fails. The process issues against the defendants in the form of a warrant; not requiring them to be brought forthwith before the magistrate, but they are by statute to have at least six days notice of the time and place of hearing. It is simply an attachment against the body, and is to be served by the officer to whom directed, by the arrest of the body of the defendants, and having them before the magistrate at the time and place of trial; but if the defendants are not found by the officer, then the process may be served as a summons by leaving a copy thereof at the last and usual place of abode of the defendants, at least six days before the time appointed for a hearing.

If upon a hearing the defendants are found guilty of the acts charged in the complaint, judgment is rendered that the plaintiff have restitution of the premises, and the magistrates impose such fine, not exceeding ten dollars, as they under all the circumstances may think just, and tax the cost in favor of the plaintiff.

In the statute relating to proceedings of this character, there is no specific provision that the complainant shall give security for costs, in case he fails, but it is expressly provided that if he fails he shall pay costs to the defendants. And the policy of our law is, that when a person institutes proceedings for the redress of an injury to himself, in which he is liable for costs if he fails, to require him to give security to the opposite party for the payment of such costs, in case judgment therefor is rendered against him.

And we can see no reason why this class of cases should be an exception to the general rule. If the legislature had not understood that proceedings of this character come within the provision of the statute before referred to, regulating the giving of security for costs in suits returnable before justices of the peace, they would have specially provided for it.

It was decided at an early day by the supreme court of this state, that " bonds for prosecution must be given before the warrant issues to bring the body before a freehold court." Brayton's R. 125. We think it has been the general understanding of the profession that it

41

was necessary, and the practice has corresponded with such understanding.

We think that in this case security for costs should have been taken before the warrant issued, and that for want of it, the judgment on this motion should have been that the proceedings be dismissed.

This view of this question renders it unnecessary to consider the other questions that have been discussed.

Judgment of the county court reversed, and judgment entered that the suit be dismissed.