HON. JAMES BARRETT,
HON. LOYAL C. KELLOGG, } ASSISTANT JUDGES
HON. ASAHEL PECK,

---

## EUGENE G. BARROWS *v.* JOHN C. McGOWAN.

### *Pleading. Abatement.*

*It seems* that if the facts, which constitute the cause of abatement, do not appear on the face of the record, but are brought forward by averment, to be proved by evidence *aliunde* the record, and so are the subject of an issue to be tried by jury, a motion to abate is not the proper mode of taking the objection.

But if the matter may be presented for issue and trial by motion, still it should be so presented by averment that a traverse of the averment would form an issue, the finding of which either way would definitely settle the legal rights involved.

The writ in question was made returnable to the Franklin county court. The motion to abate averred that the plaintiff resided in Buffalo, New York, and the defendant in Cambridge, Lamoille county, Vermont. *Held,* that the motion was

Barrows *v.* McGowan.

defective in that the averments were not such that the issue made by a traverse of them found either way, would settle the question of the right to bring the suit in Franklin county.

\* THIS case was heard at the April Term, 1866, STEELE, J., presiding, upon demurrer to a motion or plea of abatement. The court sustained the demurrer and overruled the motion or plea, and rendered judgment in chief for the plaintiff. Exceptions by the defendant.

In the motion to abate it was averred that the plaintiff, at the time of the commencement of this suit, resided and has ever since resided and still resides at Buffalo, in the state of New York, and that the defendant resided at the time of the commencement of this suit, and has ever since resided, and still does reside, at Cambridge, in the county of Lamoille and state of Vermont.

*Bailey & Davis*, for the defendant.

The statute (G. S. 290, § 10) is remedial, to relieve from the strict degree of certainty, which a technical plea of abatement requires. It sufficiently appears that the plaintiff resided in Buffalo, in the state of New York. This is a complete negation of the fact that he resided in the county of Franklin and state of Vermont, for if the first be true, the second cannot in any degree be true. Gould Pl., chap. 6, § 4.

*Dewey & Noble*, for the plaintiff.

The point relied upon by the defendant to defeat the action could be taken only by a *technical* plea in abatement. *Culver* v. *Balch*, 23 Vt. 618 ; *Durand* v. *Griswold*, 26 Vt. 51 ; *Wallace* v. *Farnsworth*, 2 Tyl. 294 ; *State* v. *Haynes*, 35 Vt. 565 ; *Pecks & Co.* v. *Burnham & Tr.*, 24 Vt. 81 ; *Trombly* v. *Sax & Clark*, 13 Vt. 118 ; *Tucker* v. *Starks & Bell*, Brayton, 191 ; *Mitchell et als.* v. *Starbuck*, 10 Mass. 6 ; *Davis* v. *Marston & Tr.*, 5 Mass. 201.

How can issue be joined if the question is to be contested, except upon a plea?

---

\*The writ in this case was not furnished the Reporter, and the bill of exceptions did not show what the action was.

An examination of the cases in which a motion to dismiss was sufficient, will show that the defect upon which it was based was apparent upon the face of the record. *Bliss* v. *Conn.* and *Pass. R. R. R.*, 24 Vt. 431, 465 ; *State* v. *Haynes*, 35 Vt. 565.

The opinion of the court was delivered by

BARRETT, J. The question is raised by a demurrer to a motion to abate the writ. The motion sets forth for cause, that, at the time the suit was brought, the plaintiff resided in Buffalo, in the state of New York, and the defendant in Cambridge, in Lamoille county, in this state. The statute provides in such case that the writ shall, on motion, abate. It is claimed under the demurrer, that, as the facts which constitute the cause of abatement do not appear on the face of the record, but are brought forward by averment, to be proved by evidence *aliunde* the record, and so are the subject of an issue to be tried by jury, this motion is not a proper mode of taking the objection.

A majority of the court think this point is well made, upon the judicial view that has uniformly been taken of the subject, as shown by many cases from *Wallace* v. *Farnsworth*, 2 Tyler, 294, down to a very recent time ; and that this provision of the statute, having been several times re-enacted during that period, should be regarded as having thus been re-enacted in the sense, and to be carried into effect in the mode, indicated by the expressed opinions of the supreme court so many times repeated.

But we do not decide this case on that ground. If it were to be held that the matter may be presented for issue and trial by motion, still it is very plain, and we concur in holding, that the matter for issue should be so presented by averment that a traverse of the averment would form an issue, the finding of which either way would definitely settle the legal right involved.

In this motion it is averred that the plaintiff resided in Buffalo, New York. An issue made by the traverse of this, found *affirmatively*, would settle that he did not reside in Franklin county ; but if found *negatively*, it would not settle whether he resided in that county, or whether in or out of the state of Vermont. So if the averment

that the defendant resided in Cambridge should be traversed, the issue found *affirmatively* would settle that he resided in this state, and not in Franklin county; but if found negatively, it would not settle whether or not he resided in Franklin county, nor whether or not he resided in this state. In case neither party resided in the state, the suit might properly be brought in the Franklin county court. If either party resided in that county, the suit might properly be brought there. The averments should be such that the issue made by a traverse of them found either way would settle the question of the right to bring the suit in that county. As the motion is clearly defective in this respect, the demurrer was properly sustained.

The authorities cited, particularly Chitty's Pleadings and Gould's pleadings, do not meet the point as it is raised in this case. In the cases to which those authorities are applicable, the issue as made would settle the fact fully and finally upon which the legal right in question was depending.

The judgment is affirmed.