TOWN OF BARNET v. HORACE EMERY.

*Pleading.     Motion to Dismiss.     Plea in Abatement.*

A motion to dismiss need not make specific reference to the writ, such as would be required in a plea in abatement. All that is required in such motion is that the statutory ground for it should be distinctly brought to the attention of the court.

Where a motion was entered in the suit as filed and docketed "and moves the court to dismiss the above entitled suit and have the same stricken from the docket, because he says," &c., stating fully the statutory cause, it was *held* sufficient.

This case was heard on defendant's motion to dismiss the suit from the docket, to which the plaintiff demurred.   The court at the June term, 1870, STEELE, J., presiding, overruled the demurrer and ordered said cause to be dismissed from the docket.   To which plaintiff excepted.

### DEFENDANT'S MOTION.

And the said defendant Horace Emery, by his attorneys, W. A. Pierce and O. S. & C. C. Burke, comes and moves the court to dismiss the above entitled suit and have the same stricken from the docket because he says the clerk who signed the writ did not at the time of signing the same make a true minute or endorsement thereon of the day, month and year when the same was signed.

*Ross & Smith,* for the plaintiff.

The motion to dismiss does not relate to the merits of the action or the jurisdiction of the court, but is in the nature of a dilatory plea, and is governed by the same rules and regulations which govern pleas in abatement.     *Montpelier* v. *Andrews,* 16 Vt., 604 ; *Pollard* v. *Wilder,* 17 Vt., 48 ; *Wheelock* v. *Sears,* 19 Vt., 559. The motion should contain the substance of a good plea in abatement.     Being in the nature of a plea in abatement, the court will not favor the motion and will not look at the writ, declaration or officer's returns unless referred to specially.   The county court erred in looking beyond the motion and in referring to the declaration.— *Hill* v. *Powers,* 16 Vt., 516 ; *Bowman* v. *Stowell et al.,*

21 Vt., 309. The statute allowing the suit to be dismissed on motion does away with the technical form but not with the substance of a good plea in abatement. *Whittaker* v. *Perry et al.*, 37 Vt., 631 ; *Barrows* v. *McGowan*, 39 Vt., 238.

*W. A. Pierce*, and *O. S. & C. C. Burke*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. It is assumed by counsel for the plaintiff, that the motion for the cause assigned should contain all the substance, though not the technical formality, of a plea in abatement, and some cases are referred to. It will be seen, however; that those cases do not place such motions under any rule that operates upon pleas in abatement except in respect to the time when the motion should be presented. The case of *Barrows* v. *McGowan*, 39 Vt., 238, does not bear on the point made under the demurrer in the present case. It was held in that case that, if it were permissible to present issuable matter of fact by motion, it should be so averred as to enable a decisive issue to be formed by a traverse of the facts as alleged.

It seems to be conceded that, if the motion now before us had made reference to the writ, it would not be subject to the objection now urged. It might be sufficient to meet this point to say, that a plea in abatement, which lacked the very things this motion lacks in this respect, was held to be good as a motion to dismiss for a similar statutory cause in *Whittaker* v. *Perry et al.*, 37 Vt., 631. But we think the occasion warrants the court in saying explicitly, that there is no rule or usage that requires such a motion to be more full in its averments, or to make specific reference to the writ. Such reference, in a plea in abatement, is only necessary to answer the technical requirements as to such pleas. The very reason of providing by statute that certain matters for dismissing suits may be presented by motion, which would otherwise have to be presented by plea, is to disencumber the subject of the perils impending upon such pleas. All that is required in such motion is that the statutory ground for it should be distinctly brought to the attention of the court. The writ is already filed

and docketed in court, and is under the hand and eye of the court, by the files and title of the suit. The motion is made at the term of the court at which the suit is entered and docketed. It is entitled in the suit as filed and docketed, "and moves the court to dismiss the above entitled suit and have the same stricken from the docket, because he says," &c., stating fully and explicitly the statutory cause. This being so, it is plain that every thing was before the court that was necessary to enable it to take cognizance of all that bore upon the motion for the cause alleged. As before said, the writ is under the hand and eye of the court, and is as effectually pointed to by the motion as if in it had been inserted "all which appears by said writ, which writ is referred to and made part of this motion." Such useless superfluity is only required when a formal plea in abatement is to run the gauntlet of technical absurdity and astuteness.

The judgment is affirmed.