## DEWITT LEONARD *v.* JAMES L. McARTHUR.

*Pleading.    Plea in Abatement.    Motion to Dismiss.*

A plea which by the exceptions was denominated a plea in abatement alleged as the ground for abatement that although the writ was made returnable to the Rutland County Court, neither party resided in that county, but that plaintiff resided in Windham County and defendant in New York, and that the action was not brought in whole or in part to recover in an action of ejectment, or in an action of trespass *qua. clau.* It concluded with prayer of judgment of the writ and declaration, which it neither recited nor referred to. *Held,* that as the matters alleged went not to any abateable defect in writ, or declaration, or service, but only to the jurisdiction, the prayer was erroneous.

*Held,* erroneous also for that the writ and declaration, not being recited nor referred to, were not before the court.

*Held,* that the plea was also defective in that it did not appear therefrom that the action was not *audita querela,* or *scire facias* on a judgment rendered in said court, either of which might be there maintained, notwithstanding the residence of the parties elsewhere.

A motion to dismiss is proper only where the defect is apparent on the record. Thus, it was *held* herein that the plea could not be sustained as such a motion, for that the matter therein alleged was *dehors* the record, and issuable.

THE defendant filed a plea which the bill of exceptions denominated " a plea in abatement." The plea alleged that the writ was made returnable before the County Court within and for the County of Rutland on the second Tuesday of March, 1879 ; that at the time of the beginning of the suit, and at the time of the service of the writ, the defendant did not reside in said county, but resided, and for a long time before and ever since had resided, in the town of Granville in the county of Washington and State of New York ; that at the time of the beginning of the suit, and at the time of the service of the writ, the plaintiff did not reside within said County of Rutland ; but resided, and ever since had resided, in the county of Windham in this State ; and that the action was not brought in whole or in part to recover in an action of ejectment or in an action of trespass *qua. clau.* The plea began with full defense and concluded with a prayer of judgment of the writ and declaration. The plaintiff demurred.

The cause was heard on the demurrer at the March Term, 1879, when the court, DUNTON, J., presiding, sustained the demurrer, *pro forma*, and adjudged the plea insufficient; to which the defendant excepted.

*F. G. Swinington*, for the defendant.

The plea was sufficient in substance. It was based on section 10, c. 33, Gen. Sts.

It was also sufficient in form. The commencement without prayer of judgment was proper. The plea averred matter *dehors* the record. Steph. Pl. 395; 2 Saund. 209*a*, note (1); *Morse v. Nash*, 30 Vt. 76, 80; *Smith v. Chase*, 39 Vt. 89. The material facts were as to residence, and were well alleged. *Barrows v. McGowan*, 39 Vt. 238; *Durand v. Griswold*, 26 Vt. 48. The conclusion was correct in form. Steph. Pl. 395; Gould Pl. c. 5, s. 142; *Gray v. Flowers*, 24 Vt. 533; *Landon v. Roberts*, 20 Vt. 286; *Harvey v. Hall*, 22 Vt. 211.

*J. B. Phelps*, for the plaintiff.

The prayer of judgment that the writ abate was wrong. The prayer should have been for judgment if the court ought to take cognizance of the action, or whether the defendant ought to be compelled to answer. 1 Chit. Pl. 441 *et seq.;* *Hutchinson v. Brook*, 11 Mass. 119.

The declaration, not having been referred to in the plea, cannot be referred to for the purpose of supporting or explaining it. The plea must stand by itself. *Bowman v. Stowell*, 21 Vt. 309.

For aught that appears in the plea the action might have been *scire facias* under the statute, in which residence is not material. *Carlton v. Young*, 1 Aik. 332; *Gibson v. Davis*, 22 Vt. 374; *Walsh v. Haswell*, 11 Vt. 85; *Shumway v. Sargeant*, 27 Vt. 440. Or it may have been *audita querela*.

The opinion of the court was delivered by

BARRETT, J. We do not propose to occupy the entire field of criticism and debate which is opened by the plea and demurrer in this case. The old and established doctrines and rules do not

need re-affirming in order to keep them in force ; nor do new doctrines and rules need to be added to the old, in order to secure legal justice in the judicial administration of the law governing rights, liabilities, and remedies.

This is a plea in abatement by express denomination. . It is in form a dilatory plea. It is so in substance. As such it is to be tested by the law of pleas of that kind. That law is as much the law, in its application to the subject, as any other class or department of the law is the law of the subjects to which it is applicable. This plea does not set forth, or profess to show, or claim that there is any abateable defect in the writ or declaration, or in the service ; and yet it prays judgment of the writ and declaration, as the ground for the abatement prayed for. The matters of fact set forth as the statutory cause for abatement, affect only the subject of jurisdiction. The writ is well enough. The declaration is well enough. The service is well enough. The jurisdiction, so far as subject-matter and parties apparent on the face of the writ and declaration is concerned, is well enough. The only question, predicable of the matters of fact *dehors* the record, alleged in the plea, is one of jurisdiction—whether upon those facts the court will entertain jurisdiction. This being so, the prayer should be that which the law prescribes in such case, and not a prayer wholly inapplicable to the matter and purpose of the plea.

Again, for any purpose of a judgment of the court upon the matters set forth in the plea, the writ and declaration are not before the court, they not being recited, or referred to, in the plea. Of course the court could not properly be adjured to pass judgment of the writ and declaration, unless they had been made the subject of judgment by being brought before the court. Upon these points see the text books and cases, *ad lib*. In the cases cited of this form of prayer, viz., judgment of the writ and declaration, the abateable cause has been some defect or default in a statutory requirement as to the writ as a process, or the service of it, constituting the bringing of the suit into court, and not matter of venue affecting the jurisdiction of the court.

On another ground the plea is defective. The plea should show affirmatively that the action is within the statute. It does

not show what the form or subject-matter of the action is. For aught that the plea shows, it might properly and lawfully be brought, as it was, in Rutland County, notwithstanding the alleged residences of the parties. For aught that appears, it might as well be an action of *audita querela*, or *scire facias* on a judgment rendered in Rutland County Court, as an action of any other form, or for any other matter. Either of said actions would not fall within the statute in question. As before said, the writ and declaration are not before the court. When they will be so treated, is indicated in *Barnet* v. *Emery*, 43 Vt. 178, in distinction from the cases in which it is held that a plea in abatement will derive no help from them, unless referred to in such a way as to make them part of the plea.

But, so far as the matter of jurisdiction is concerned, the failure to make such reference is unimportant in this case; for the cause of abatement is alleged to be matter outside the writ and declaration; and so, if referred to or recited they would show nothing bearing on the question of the proper prayer of judgment. In the brief of defendant's counsel the plea is defended for its qualities as a *plea in abatement* only. In replying to the argument for plaintiff against the plea, it is suggested that, though defective as a plea, it may be upheld as a motion answerable to the statute in that behalf. In addition to what is said in *Barrows* v. *McGowan*, 39 Vt. 238, on this subject, it may be said, that, so to treat a plea is confined to cases in which the subject of the motion is apparent upon the files and records constituting the case. See cases noted in Roberts' Digest, 533. The statute in this and similar cases, was not designed to prescribe a *form* of procedure, but only to prescribe the effect upon the pending suit of the omissions and acts named, as being cause for abating the suit. The true idea on this subject was indicated in *Barrows* v. *McGowan*, *supra*. When the matter was proper for a motion, according to the established rules of pleading in such cases in this State, viz., when it appeared by the records, as that term is used in such cases, a *motion* might be used. When the matter was *dehors* the records, and is issuable as matter of fact, the motion contemplated is a plea of the proper class and kind to present such matter, that it may

Leonard *v.* McArthur.

be pursued to an issue according to the established rules governing the forming of an issue by pleadings. The language of the statute was not chosen and used with reference to strict technical sense and rule. The matter for which it is provided that " the writ shall abate," is not, according to technical classification, matter in abatement, but matter of *jurisdiction*. The common speech, both in and out of the profession, calls anything that makes an end of the suit, because improperly in court by reason of defect in the proceedings and papers by which it is instituted and brought into court, matter in abatement. All dilatory procedure is called in abatement. It is in this way that the language is used in the statute. It means, in this case, that an end shall be made of the suit, if the defendant appears and claims it, for the cause specified. It is for him to establish such cause. And in order to do so, it must be brought before the court, and prosecuted to issue and trial and judgment, according to the established and recognized law and rules of procedure to that intent.

It being matter of right which the defendant may waive, and which he will waive unless he asserts it in the legitimate mode, whether he has adopted and accomplished the legitimate mode is the subject of challenge, as in this case, by demurrer to the plea.

The plea must be tested by the law and rules governing pleas of matter to the jurisdiction, as well as of matter technically in abatement. It is found defective in the respects indicated, and the judgment is affirmed.