# HENRY E. CUNNINGHAM *v*. MATTHEW J. CALDBECK.

*Distinction between Pleas in Abatement and to the Jurisdiction.*

1. A plea praying that the court take no further cognizance of the suit for that neither of the parties resides in the county is not a plea in abatement, but a plea to the jurisdiction.
2. Such a plea need not have the technical strictness of a plea in abatement.

This was an action for slander, and was heard upon the plaintiff's demurrer to the defendant's plea at the December term, 1889, Bennington county, Tyler, J., presiding. The demurrer was sustained, and the defendant excepted.

The suit was made returnable to the December term, 1889, and at that term the defendant filed the following plea :

" And the said defendant in his own proper person, comes and says, that this court ought not to have or take further cognizance of the action aforesaid, because he says that the writ in suit was made returnable before the County Court to be held at Bennington, within and for the County of Bennington, on the the first Tuesday in December, A. D. 1889. Said defendant avers that the writ in said suit was issued. on the 13th day of November, A. D. 1889, at Bennington, in the County of Bennington and State of Vermont, without this that said writ was ever issued at any other time or at any other place. Said defendant avers that said writ was served upon him, the said defendant, on the 19th day of November, A. D. 1889, at St. Johnsbury, in the County of Caledonia, and State of Vermont, without this that said writ was ever served upon said defendent at any other time or at any other place. Said defendant avers that in said writ and declaration the said plaintiff has declared against the said defendant in an action on the case in three counts for ·libel. Without this that the said plaintiff in said writ and·declaration has alleged or declared for any other action, cause, or causes of action. Defendant avers that said suit was not commenced or· ·

prosecuted in whole or in part, to recover upon any other claim, demand, debt, action, cause, or causes of action. Said defendant refers to the said writ and declaration now on file in the above entitled cause, and makes the same a part hereof. And the said defendant avers that said suit was not, and is not commenced or proscuted in whole or in part to recover in an action of ejectment or trespass on the freehold, nor in whole or in part to recover any debt or demand arising from the sale or license to use a patent right, nor for any promissory note given in whole or in part for the same, nor in whole or in part to recover in an action of replevin, nor an action of *audita querela,* nor an action of *habeas corpus,* nor a writ of review, nor an action to recover upon any recognizance, nor action to recover upon a bail bond, nor an action in favor of an executor or administrator, nor an action on a bond, nor an action on a bond taken by or to a Probate Court, nor an action to recover any penalty or fine, nor was the said plaintiff or defendant or either of them at the time of the issuing of said writ or at any other time a railroad company, and said defendant avers that at the time of the issuing and service of said writ and at all times between and including said day when said writ was issued, and said day when said writ was served, the said plaintiff did not reside in the said County of Bennington in the State of Vermont. Said defendant avers that said plaintiff at the time of the issuing and service of said writ, and at all times between and including said day when said writ was issued, and said day when said writ was served, did reside at St. Johnsbury, in the County of Caledonia and State of Vermont, and not elsewhere. Said defendant avers that at the time of the issuing and service of said writ, and at all times between and including said day when said writ was issued, and said day when said writ was served, he, said defendant, did not reside in the said County of Bennington. Said defendant avers that at the time of the issuing and service of said writ and at all times between and including said day when said writ was issued, and said day when said writ was served, he, said defendant, did reside at St. Johnsbury in the County of Caledonia and State of Vermont, and not elsewhere. Said defendant avers that the said supposed cause of action and each and every one of them in the said writ and declaration mentioned, if any such have accrued to the said plaintiff, accrued to said plaintiff out of the jurisdiction of this court, that is to say, at St. Johnsbury, in the County of Caledonia and State of Vermont, and not at Bennington County aforesaid, nor elsewhere within the jurisdiction of this court, and this the said defendant is ready to verify.

Wherefore he prays judgment whether the court can or will take further cognizance of the action aforesaid."

*Ide & Quimby*, *M. Montgomery* and *Harry Blodgett*, for the defendant.

This is not a plea in abatement and should not be treated by the rigid rules applicable to such pleas. It sets up a substantial defense and one expressly given by statute, R. L. s. 889.

The plea tested by any rule is good. *Gray* v. *Powers*, 24 Vt. 533.

*Bates & May*, for the plaintiff.

This plea requires all the formality and certainty of a plea in abatement. *Trombly & Sax* v. *Clark*, 13 Vt. 118, 122; *Culver* v. *Balch*, 23 Vt. 618; *Essex* v. *Prentiss*, 6 Vt. 47; *Conn. & P. R. R. Co.* v. *Bailey*, 24 Vt. 472.

The opinion of the court was delivered by

POWERS, J. The plea in this case is erroneously treated as a plea in abatement. This is not its scope nor its structure.

It is a plea to the jurisdiction of the Bennington County Court. It does not seek to abate the process, but disputes the right of the court to take cognizance of the process in the particular county where the same is pending.

Beames says in his pleas in Equity 55, quoting Lord Coke that "The King hath committed and distributed all his whole power of jurisdiction to several courts of justice;" that pleas to the jurisdiction in effect aim to transmit to each tribunal, the matters which the law has confided to its protection and cognizance. And Stephen says such pleas are not pleas in abatement inasmuch as they only refuse to answer in the particular court in which the action is brought. Stephen Pl. n. 20 to page 46.

We find no authority which holds that pleas to the jurisdiction are to have the technical strictness of pleas in abatement, and

the legislature manifestly had no such idea as it provided, R. L. s. 899, that actions brought in the County Court shall be brought in the county in which one of the parties resides, and if brought elsewhere the writ, *on motion*, shall abate.

A majority of the court in *Barrows* v. *McGowan*, 39 Vt. 238, were of opinion that a mere motion to abate the writ in such case was not sufficient, inasmuch as the non-residence of the parties did not appear on the face of the record, but could be made out only by proof *dehors* the process. *Barrows* v. *McGowan* was decided upon another ground, nevertheless we think that it is the settled rule that a motion does not reach defects that require extrinsic proof to establish, and so the plea in this case can not be treated as a motion.

This plea refers to the writ and declaration, and from them and the allegations of the plea the non-residence of both parties in Bennington County when the action was brought and the negation of all other grounds which would give the court in that county jurisdiction, are set forth with all the strictness requisite in pleas of this character.

*The judgment of the County Court is reversed, the demurrer is overruled and the plea adjudged sufficient. The case is remanded with leave to replead on the usual terms.*