WILLARD BATES *vs.* LYDIA STEVENS.

BENNINGTON,
*February,*
1832.

If a *feme sole* plaintiff marry pending a suit, and no proceeding is had under the stat-
ute with regard to the marriage, and the defendant does not plead the coverture in
abatement, but suffers a default in the action, he cannot afterwards avoid the
judgement by writ of error.

This was a *writ of error,* brought to reverse a judgement ren-
dered by the county court in favor of the present defendant,
*Stevens,* against the present plaintiff, *Bates.* It appeared by the
record that the suit in which the judgement complained of was
rendered was an action of ejectment on mortgage, commenced on
the 16th day of April, 1829, and was entered at April term. The
defendant, *Bates,* appeared by attorney the same term, and plead-
ed the general issue, which was joined. The cause was contin-
ued from term to term, till April term, 1830, when a judgement
was rendered for the plaintiff, *Stevens,* to have and recover the
seizin and possession of the premises demanded. *Bates* was al-
lowed a review in the cause, and at the September term, 1830,
judgement was rendered against him on default. *Bates* then
moved the court for leave to redeem the premises by paying the
sum due on the mortgage. The cause was thereupon further
continued till April term, 1831, when time was given for him to
redeem by paying the sum of three hundred and fifty-three dollars
and seventy-three cents, being the sum due on the mortgage and
cost of suit. The error complained of was, that after the com-
mencement of said action, and before the rendition of the judge-
ment, to wit, on the 10th day of September, 1829, at West Bloom-
field, in the state of New-York, where the said *Lydia Stevens*
resided, she was duly married to one Edmund French, who at
the time of rendering the judgement was still living, and was the
husband of the said *Lydia,* and that said French was not joined
with said *Lydia* in the action.

*U. M. & D. Robinson, jr. for plaintiff in error.*—By the mar-
riage of a *feme sole,* her legal existence is merged in that of the hus-
band.—1 *Swift's Dig.* 18. Coverture of *feme* plaintiff or defendant
is ground of error.—2 *Tidd's Practice* 1107 ; 2 *Saun.* 101. If a
*feme covert* plead to issue as *feme sole,* and judgement be render-
ed against her, and she is taken in execution, she and her hus-
band may join in a writ of error.—2 *Tidd,* 1052–53 ; *Swift's
Dig.* 791. So if an action be brought against a *feme covert* and
others—all may join in error, although defendants waive their plea
in abatement.—2 *Tidd,* 1053. This rule should be reciprocal.

Bennington
*February,*
1832.
———
Bates
*vs.*
Stevens.
If a *feme sole* brings a suit, and marries, the statute provides that the husband may preserve her rights by entering his own name on the docket of the court, and giving bonds.—*Statute p.* 96. If the husband fails to enter in the action, the defendant may enter a certificate of the marriage, and have a judgement for costs. —*Statute p.* 97.

*Mr. Blackmer, for defendant.*—Defendant contends there is no error in the record. It is provided by statute that if a *feme sole* plaintiff shall marry pending a suit, such suit shall not abate, but the husband may join with the wife, and may enter upon the docket a certificate of the marriage; and if they do not, the defendant may enter such certificate; and in that case judgement shall be rendered for the defendant. If neither plaintiff nor defendant comply with the statute in entering a certificate of the marriage agreeably to the statute, it is believed the case must be governed by the principles of the common law. A man shall never assign for error that which he might have pleaded in abatement.—*Carthew,* 124, *Coan* vs. *Bowles et al.* ; 2 *Saund.* 101 ; 2 *Bac. Abr.* 492. If a plaintiff take husband during the pendency of a suit, the defendant cannot give her coverture in evidence under the general issue, but must plead it in abatement. —6 *Term. Rep.* 265, *Morgan* vs. *Painter* ; 1 *Swift,* 791 ; 1 *Vt. Rep.* 14, *Herring* vs. *Selden.*

The opinion of the Court was delivered by

Williams, J.—The plaintiff in error asks to set aside the judgement of the court below for an error in fact. It appears that after the commencement of the suit in the name of the defendant in error against the plaintiff, *Bates,* the defendant in the suit below appeared, and pleaded the general issue—that during the pendency of the action the plaintiff in that suit intermarried with one French, on the 10th of September, A. D. 1829—that after this, at the April term, in 1830, a trial was had on the issue before mentioned, and a judgement rendered thereon against *Bates,* which he reviewed. At the September term of the court in 1830, a final judgement was rendered against him on default, in the name of the said *Lydia Stevens,* the defendant in error. The question submitted is, whether a judgement in the name of a *feme covert,* without her husband, is erroneous, and whether such judgement can be reversed on a writ of error ?

It is laid down in general terms in *Tidd's Practice,* 2 *Vol.*

BENNINGTON
February,
1832.

Bates
vs.
Stevens.

1107, that the coverture of the plaintiff or defendant, at the commencement of the suit, is ground of error. This can only be true, when the judgement is against the person under coverture, and she and her husband bring the writ of error to set it aside. The form in the appendix to *Tidd*, to which reference is had, shows that he referred to a case of this kind. In the case of *Coan* vs. *Bowles et al., Carthew*, 123, it was decided, that if a married woman commence an action against any one, and the defendant plead in bar, he shall never after assign this marriage for error ; for it was his folly not to have availed himself of it in season by pleading it in abatement. This principle has never been controverted ; but the case has ever been recognized as an authority by *Bacon,* and also by *Swift.*—*Swift's Dig.* 1 vol. 791.

The coverture of the plaintiff may be pleaded in abatement ; and, if it takes place after the commencement of the suit, must be pleaded in abatement, and cannot be given in evidence under the general issue. In a case in *Shower,* 171, it was decided by *Holt, C. J.,* that if a *feme covert* bring an action as a *feme sole,* and defendant pleads in bar, he shall never assign this for error.

It is said there is this distinction between the cases where the coverture of plaintiff was before or after the suit commenced : that coverture before the commencement of the suit may be pleaded at any time, because the suit is thereby in fact abated ; but coverture after suit brought must be pleaded *post ultimam continuationem.*

Inasmuch as the plaintiff rightfully commenced the action, the defendant may wavie any advantage on account of the coverture, and plead any defence which he has ; and if he does not plead it after the last continuance, he relies on his first plea, and waives all advantage by reason of the coverture. But coverture, either before or after the commencement of the suit, must be pleaded in abatement if the defendant means to take any advantage of the same.—*Milner et al.* vs. *Milner et al.* 3 *Term Rep.* 627 ; *Morgan* vs. *Painter,* 6 *Term Rep.* 265.

On this principle it was held in a case in *Bulstrode,* that if a feme marry after verdict and before judgement, she shall notwithstanding have judgement, and the defendant cannot plead this coverture, because he has no day in court to plead it, i. e. to plead it in abatement, as a verdict had been already given.

As the marriage of this defendant in error took place after the action was commenced, it was a proper subject for a plea in abate-

BENNINGTON
February,
1832.

Bates
vs.
Sevens.

ment. It was in the power of the plaintiff in error by such a plea to have availed himself of any advantage which the law gave him ; but as he neglected to avail himself of this advantage in due season, went to trial on the general issue, and finally suffered a judgement against himself by default, he must acquiesce in the judgement, and cannot assign this coverture for error ; for both reason and authority concur in saying, that a man shall never assign for error that which might have been pleaded in abatement. —2 *Bacon*, 492.

We have considered this case without reference to the statute of this state, because, as neither party have availed themselves of the provision of the statute, this case must be decided as *though* no such statute was in existence.

The statute provides, that the husband may join with the wife in prosecuting a suit commenced by her under certain regulations as to cost ; but he must cause his name to be entered as plaintiff, and lodge a certificate of his marriage with the clerk, on or before the *third day of the term*, next after the marriage. If he fails so to do, the defendant may, at any time thereafter, *during the term*, file a like certificate, and shall thereupon be entitled to a judgement against the husband and wife for the costs of the suit. After the term closes, neither party can avail themselves of the provisions of the statute, but the suit must go on as at common law without any benefit to be derived from the statute.

We find there is no error in the judgement of the county court, and the same must be affirmed.