### John Hoadley *v.* S. B. Watson.

#### *Exemplary Damages.*

The imposition of a fine in a criminal proceeding for assault and battery, will not bar or mitigate the party's liability to exemplary damages in a civil suit for the same act.

Such damages are recoverable with the ordinary damages, under the common allegation that the act declared for was done to the damage of the plaintiff.

The expenses of the plaintiff for counsel fees, and other trouble in the suit not taxable costs, are not a proper element of exemplary damages. *Earl et ux.* v. *Tupper, ante,* 275.

TRESPASS for assault and battery.* Plea, the general issue, and trial by jury, April term, 1872, ROYCE, J., presiding.

The defendant offered in evidence, for the purpose of mitigating damages, and upon the question of exemplary damages, the record of a judgment against himself in a criminal prosecution for the assault set forth in the declaration, and offered to show that the prosecution was instituted at the plaintiff's request, and upon his complaint. The court excluded said record and the testimony offered in connection therewith, and the defendant excepted.

The plaintiff offered no testimony to show what expense he had incurred by way of counsel fees, or otherwise, in the prosecution of this suit, which was not taxable costs.

The defendant requested the court to charge the jury as follows:

1. "If the jury finds that the defendant assaulted the plaintiff, the plaintiff is entitled to recover only individual or personal damages, and is not entitled to recover damages assessed as a punishment for the damage done to the public.

2. "That damages are given to the plaintiff as a compensation, recompense, or satisfaction to him for an injury actually received by him from the defendant. They should be precisely commensurate with the injury—nothing more—nothing less.

3. "That the evidence tends to show that the personal injuries complained of, constituted acts for which the plaintiff was

* In a plea of trespass, for that the said Spursey Watson, on the 5th day of November, A. D. 1870, at St. Albans aforesaid, with force and arms, in and upon the plaintiff made an assault, and him the said plaintiff then and there beat, bruised, kicked, wounded, and evil treated; and other enormities to the said plaintiff then and there did, against the peace, and to the damage of the plaintiff, as he says, two hundred dollars.

38

liable in a criminal action, and that, under this state of facts, the plaintiff is not entitled to recover exemplary damages."

The court declined to charge as requested, but charged upon the question of exemplary damages as follows:

"If you find that the assault was wanton in its character, and unprovoked, you are at liberty to give what the law denominates exemplary, or punitive damages, and whether you will give them or not, is a matter entirely within your discretion. Where the act is not wanton in its character, and where it appears to be innocent in intent, the jury are not, as a general rule, to give exemplary damages. The object of exemplary damages is twofold in its character. One object is to remunerate the party for the expense he is put to in the assertion of his right, which is not taxable costs. Another object is for the sake of example to others— as a sort of punishment to the party, and to act as a sort of restraint upon others from committing similar acts."

To the refusal to charge as requested, and to the charge as detailed, the defendant excepted.

*A. G. Safford*, for the defendant.

If the charge was correct, the exclusion of the record was error. The charge states one object of exemplary damages to be "for the sake of example to others—as a sort of punishment to the party, and to act as a sort of restraint upon others from committing similar acts." This was the object of the criminal prosecution, and the record is conclusive that the defendant has been sufficiently punished, and sufficiently made an example of. That the *liability* to criminal prosecution is a bar to exemplary damages, see *Jacks* v. *Bell*, 3 C. & P. 316; *Tabor* v. *Huston*, 5 Ind. 322; *Southwick* v. *Ward*, 7 Jones (N. C.), 64; *Austin* v. *Wilson*, 4 Cush. 273; *Taylor* v. *Carpenter*, 2 Woodb. & M. 122; *Thorley* v. *Kerry*, 4 Taunt. 335; —— v. *Johnson*, 1 B. Mon. 80; *Cherry* v. *McCall*, 23 Ga. 193. The contrary is held in New York, California, Connecticut, Ohio, and Michigan.

The charge in relation to expenses beyond taxable costs, was erroneous. There is no allegation in the declaration, which warrants such damages, and no evidence that any such expenses had been incurred. Besides, expenses beyond taxable costs cannot

be considered by the jury in assessing exemplary damages. *Barnard* v. *Poor*, 21 Pick. 278 ; *Sinclair* v. *Elder*, 4 Taunt. 7 ; *Hathaway* v. *Barrow et als.* 1 Camp. 151 ; *Jenkins* v. *Biddulph*, 4 Bing. 160 ; 1 Chit. Pl. 372, 442 ; *Dean* v. *Dean's Estate*, 43 Vt. 337, 345 ; *Haverstick* v. *Erie Gas Co.* 29 Penn. 254 ; *Hicks* v. *Foster*, 13 Barb. 663 ; *Willet* v. *N. E. R. R.* 12 S. C. 290 ; *Fairbanks* v. *Witters*, 18 Wis. 287 ; 7 Blackf. 277 ; *Arcamble* v. *Weisman*, 3 Dall. S. C. 306 ; *Day* v. *Woodworth*, 13 Howard, 363 ; *Lese* v. *Huntington et al.* 23 Ib. 2.

It was also error to charge that exemplary damages are for the sake of example and punishment.

It was error to charge, " that when the act is not wanton in its character, and when it appears to be innocent in intent, the jury are not, as a *general rule*, to give exemplary damages." The charge should have been positive, that in such cases the jury were not to give these damages. Sedgw. Dam. 454 ; 22 Vt. 238.

From the nature of the pleadings, the plaintiff was not entitled to recover exemplary damages, and the defendant was entitled to the requests made. The declaration is for a simple assault, and contains no averment of malice, wantonness, or matter of aggravation. Sedgw. Dam. 38 ; Hilliard Rem. for Torts, 404, 440 ; 2 Greenl. Ev. 254 ; 1 Chit. Pl. 271, 440, 441 ; *Merrills* v. *Manf'g Co.* 10 Conn. 384 ; *Nivin* v. *Stevens*, 5 Harring. (Del.) 272 ; 21 Howard, 221 ; 4 Gray, 333 ; 14 Wend. 159 ; 1 Saund. 242.

*Davis & Adams*, for the plaintiff.

The doctrine of exemplary damages is fully recognized in this state. *Devine* v. *Rand*, 38 Vt. 621 ; *Ellsworth* v. *Potter et als.* 41 Vt. 685. Its effect is sought to be avoided in the case at bar by showing that the defendant has been convicted for the same assault in a criminal proceeding. This evidence was properly excluded. *Cook* v. *Ellis*, 6 Hill, 466 ; Sedgw. Dam. 462, 530 (n).

There was no error in the charge as to the twofold object of exemplary damages. *Goddard* v. *G. T. R. R. Co.* 10 Am. Law Reg. 17, and note ; *Welch* v. *Durand*, Ib. 566, and note ; *St. Peter's Church* v. *Beech*, 26 Conn. 355 ; *Day* v. *Woodworth et al.*

13 Howard, 363; *Hopkins* v. *At. & St. L. R. R.* 36 N. H. 9; *Taylor* v. *G. T. R. R. Co.* 48 N. H. 304; *Bartlett* v. *Wood & Tr.* 32 Vt. 372.

The opinion of the court was delivered by

WHEELER, J. 1. Exemplary damages are not given in lieu of punishment. The fact that in a civil action founded on a criminal act, the guilty party had been compelled to pay exemplary damages to the party injured on account of the act, would be no bar to a prosecution in a criminal proceeding for the same act, nor to any part of the fine imposed by law upon such offenses. Neither should the liability to, nor the actual imposition of, a fine in a criminal proceeding, bar any portion of the liability in a civil action for the same act. This was the doctrine announced by the very able court in *Cook* v. *Ellis*, 6 Hill, 466, and approved in Sedgwick on Damages, 462. The liability to both criminal punishment and to such damages as a jury may impose in a civil suit, is the consequence of any act that is criminal, and also creates a civil liability.

2. Exemplary damages grow entirely out of the nature of the act of the defendant for which the plaintiff recovers. They are given in enhancement, merely, of the ordinary damages, on account of the bad spirit and wrong intention of the defendant manifested by the act, and are recoverable with the ordinary damages, under the common allegation that the act declared for was done to the damage of the plaintiff.

3. The charge in this case in respect to the object of exemplary damages, is similar to that in *Earl & wife* v. *Tupper*, heard at the same term with this case, and is considered to be erroneous for the same reasons, and for that error the judgment must be reversed.

Judgment reversed and cause remanded.