### SNOW *v.* CARPENTER AND ANOTHER.

*Practice.    Witness.    Exemplary Damages.    Acts of* 1874, *No.* 27.

A motion to dismiss an action by a married woman, for the non-joinder of her husband as plaintiff, is in the nature of a plea in abatement, and must be filed within the time for filing such pleas.

In an action founded on sec. 3, No. 4, of the Acts of 1869, brought by a married woman to recover for injury committed upon her person by her husband when in a state of intoxication caused by liquor unlawfully furnished him by the defendants, it was *held* that No. 27 of the Acts of 1874, in amendment of the act of 1869, made the husband a competent witness for the wife.

In such action, defendants requested the court to charge that, to entitle plaintiff to recover, she must show that her injury was occasioned by the wilful act of her husband; and that, if it was occasioned by accident incident to and the result of his careless driving, without wilful intent on his part to injure her, she could not recover. Plaintiff had testified as to the manner of her husband's driving, what he said and did, and how he managed the horse upon the occasion when she was overturned and received the injury complained of; and the court told the jury, that if they believed her testimony, the husband's act was wilful, and plaintiff was entitled to recover. *Held*, that as it did not necessarily appear from the evidence, although entirely true, that plaintiff's injury resulted from the *wilful* act of her husband, the question of whether the act was wilful or not, should have been submitted to the jury.

Plaintiff testified, without objection so far as appeared, to having been beaten and shaken by her husband after the occurrence of the event by which the injury was alleged to have been occasioned. There was no allegation of such beating and shaking. The court did not, on request, charge that plaintiff was entitled to recover · nothing by reason thereof. *Held*, erroneous.

Exemplary damages are not recoverable as matter of *legal right.*

TRESPASS founded on s. 3, No. 4, Acts of 1869. The declaration, after setting out the statute, alleged that plaintiff was the wife of Ira A. Snow, of &c., that on, &c., she, with her said husband, attended a fair, at, &c.; that she was then riding in a wagon drawn by a spirited horse, driven by her said husband, who wilfully drove said horse in a careless and furious manner, thereby overturning said wagon and throwing plaintiff therefrom down a steep embankment, thereby greatly injuring her, &c.; and that her said husband was then greatly intoxicated by liquor unlawfully furnished to him by defendants, &c.

The case was entered at the April Term, 1875, and continued to the September Term, 1876, when, the declaration alleging that plaintiff was the wife of Ira A. Snow, defendant moved to dismiss, for that he was not joined ; but the court, BARRETT, J., presiding, overruled the motion ; to which defendants excepted. General issue having been pleaded, the case was then tried by jury, who found for plaintiff to recover $1,866.76.

Plaintiff testified that she was the wife of Ira A. Snow ; that on October 3, 1874, she attended a fair at Readsboro, in company with her husband, arriving upon the grounds between 9 and 10 o'clock A.M.; that at that time her husband was sober, and continued sober until they were at dinner, about noon; that while they were at dinner, defendant, Daniel C. Carpenter, came and whispered to her husband, soon after which they went off together ; that during the two or three hours following, she saw her husband occasionally, and noticed that he was becoming somewhat intoxicated ; that by between 3 and 4 o'clock he had become badly intoxicated, and was cross and quarrelsome ; that he had been talking about getting out his horse and wagon and driving down the river half a mile or more, to the trotting course, where there was to be an exhibition of horses ; that as to go there it was necessary to go a portion of the way on the road towards home, she suggested that

he get his team and start, hoping that when she got him into the wagon and started, she could induce him to drive directly home ; that he was so much intoxicated that he nearly fell when he got out of the wagon to let her get in ; that when they were both in the wagon, they started down the road at a smart trot, their horse being a spirited animal and used to being driven upon a tight rein ; that considering his condition, she thought it best to say nothing to him about going home, and did not, and that when they arrived at the fork of the road, instead of taking the one leading towards home, he took the one leading to the trotting course ; that he kept along at a good trot, suffering the reins to remain slack, and that while so riding he struck the horse a smart blow with the whip, which caused it to jump aside ; that thereupon she caught hold of the reins, to keep the horse and wagon in the road, which irritated him so that he commenced to scold and swear at her ; that very soon thereafter he gave the horse another blow with the whip, saying, " there, that is for you," upon which the horse jumped, carrying the near wheels of the wagon out of the road track and upon rocks that protruded from the bank towards the road, overturning the wagon and throwing her with great violence out upon the ground, and down a rough, rocky embankment, injuring her severely, so that she had not been able to perform any labor since, and was still wholly incapacitated for labor ; that after being so thrown out, and while she was groaning with pain, he swore at her and struck her twice, seized her by the shoulders and shook her violently, whereupon other parties interfered and she was assisted up the bank into the road, and taken to a friend's house, and, on the following morning taken home.

The further evidence on the part of the plaintiff tended to show that the liquor on which her husband got intoxicated, or a portion of it, was unlawfully furnished him by the defendants, to prove which the plaintiff offered to show by her husband that all the liquor he saw or drank that day, and on which he got intoxicated, was unlawfully furnished him by the defendants. To the admission of his testimony defendant objected, but it was admitted ; to which defendants excepted.

The defendants' evidence tended to show that they furnished him with but one glass of intoxicating liquor, which he drank on his arrival at Readsboro, between 9 and 10 o'clock, and that the liquor on which he got intoxicated, was in fact furnished wholly by other parties who were then furnishing liquor at Readsboro and upon the fair ground.

The defendants requested the court to charge, 1. That plaintiff, to recover, must show that her injury was occasioned by the wilful act of the husband, *i. e.*, that the husband tipped over his wagon intentionally. 2. That if the injury was occasioned by accident, incident to and the result of the husband's careless driving, and without any wilful intent on his part to injure his wife, then she could not recover. 3. That the plaintiff was not entitled to recover anything by reason of any striking, shaking, or beating she received from her husband after the accident occurred.

The court refused to so charge ; but.charged, that " if the jury believed what the plaintiff had testified to as to the manner of her husband's driving, what he said and did, and his management of the horse—being drunk as he was—the plaintiff was thrown from the wagon down the bank and injured, then it was a wilful act on his part, and plaintiff was entitled to recover ;" and that if they found for the plaintiff, she was entitled to recover, and it was their province to give her, exemplary damages, or damages by way of punishment or example, in addition to what they should find her actual damages to be on account of her injuries.

To the refusal to charge as requested, and to the charge as given, defendants excepted.

*J. W. Carpenter* (*K. Haskins* with him), for defendants.

The defendants insist that the plaintiff, being a married woman, cannot maintain this action in her name alone. It is well settled that at common law, an action for personal injuries to the wife must be brought in the name of the husband and wife jointly. 3 Bl. Com. 140 ; 1 Chit. Pl. 17, 47 ; Reeve Dom. Rel. 126 ; *Bent* v. *Bent*, 43 Vt. 42 ; *Barnet* v. *Emory*, 43 Vt. 178. The statute upon which this action is based, adheres strictly to the form of action already in use, and suggests no change of any rule of pleading.

It simply removes the bar of coverture and infancy. Acts of 1869, No. 4, s. 3. Advantage of the non-joinder of the husband may be taken on trial. The wife, suing alone, should be non-suited. 1 Chit. Pl. 33, 75.

In order to show that the injury was the result of the husband's wilful act, the plaintiff must show that the act causing the injury was actually done by the husband, and that he wished and designed that the injury should result from the act. Neither of those things are shown. It does not appear that the plaintiff yielded the reins to her husband after she seized them, and the burden is on her to show that she did.

There could have been no design on the part of the husband to overturn the wagon and to injure his wife, in striking the horse the second time, for the blow was just as likely to drive the horse away from, as toward, the rock which the carriage encountered. The running against the rock was purely accidental, and the fact that the husband struck the horse in the manner and under the circumstances detailed, is no evidence and raises no presumption to the contrary. Whether the running upon the rocks was the result of the husband's driving, or of his wife's interference with it, the case fails to show. And it cannot now be said that the husband would not have driven safely to the trotting course, if he had not been interfered with by the plaintiff. While the case fails to show that the injury was caused by any act of the husband, it does show facts totally inconsistent with any wish or design on his part to do anything whereby an injury would result to any one. It is not a sufficient answer to say that the injury was caused by reason of the husband's intoxication. It might be under the statute of 1874, but not under that of 1869. Acts of 1869, No. 4, s. 3 ; Acts of 1874, No. 27, s. 1. The plaintiff is bound to show that so far as the intoxicated person had capacity for determining what he would do, he designedly committed the injury. *Smith* v. *Wilcox*, 47 Vt. 537. It was error for the court to tell the jury that if they believed the testimony of the plaintiff as to the conduct of her husband on that occasion, such conduct would constitute a wilful act on his part, for which the plaintiff was entitled to recover. There was no evidence to warrant such instructions.

The suit being brought in the name of the wife alone, and she being the only party plaintiff in interest, the husband was wholly disqualified, and should have been excluded from testifying. 1 Greenl. Ev. ss. 434, 435, 436; *Manchester* v. *Manchester,* 24 Vt. 649; *Smith* v. *Potter,* 27 Vt. 304; *Sargeant* v. *Seward,* 31 Vt. 509; *Cram* v. *Cram,* 33 Vt. 15; *Carpenter's Exrs.* v. *Moore,* 43 Vt. 392; *Wheeler* v. *Wheeler's Estate,* 47 Vt. 637.

The plaintiff is not aided on that question by the act of 1874, because the removal of the disqualification therein mentioned, theretofore existing, was expressly limited to proceedings under that act. Acts of 1874, ss. 1, 2. As the injury to plaintiff occurred on October 3, 1874, her right to maintain an action comes by virtue of the act of 1869, and is subject to all its provisions, and to the provisions of the law as it then stood. Had there been no statute upon the subject until the act of November 23, 1874, was passed, she would have been without remedy.

It is only by virtue of the act of 1874, that the husband may be a witness at all. The removal of the disqualification of a witness theretofore existing by reason of the marriage relations, being expressly limited to proceedings brought under that particular statute, the right of the witness to testify cannot be extended to actions brought and had, by virtue of the provisions of some other statute, even though they may have reference to the enforcement of rights and remedies of a similar nature. The court will not construe a statute as intended to have a retrospective operation, unless such intention is clearly manifested by the terms of the act, —which is not the case with the statute of 1874. *Briggs* v. *Hubbard,* 19 Vt. 86.

The court should have charged agreeably to defendant's third request. There is no averment of any striking, shaking or beating of plaintiff by her husband; nor does the declaration contain the usual charge of " *alia enormia.*" There can be no recovery for damages not covered by the declaration, and the neglect of the court to charge as requested in that respect was error. 1 Chit. Pl. 387, 388; Gould Pl. c. 4, s. 7, *et seq.*

The plaintiff was not *entitled* to recover exemplary damages. Exemplary damages cannot be recovered by a party injured as a

Snow v. Carpenter et al.

matter of legal right. Such damages are awarded against the defendant by way of punishment or example, and are to be measured only by the wantonness and malice of the defendant. *Earle and Wife* v. *Tupper*, 45 Vt. 275 ; *Hoadley* v. *Watson*, 45 Vt. 289 ; *Jerome* v. *Smith*, 48 Vt. 230 ; *Boardman* v. *Goldsmith*, 48 Vt. 403. The case is barren of anything tending to show malice or wantonness on the part of the defendants. The right of the plaintiff to recover anything, is one conferred by statute. The language of the statute is, " whenever any person in a state of intoxication shall wilfully commit any injury upon the person or property of any other individual, any person who by himself, his clerk or servant shall have unlawfully sold or furnished any part of the liquor causing such intoxication, shall be liable to the party injured *for all damages occasioned by the injury so done.*" This statute makes the injury done or suffered, the exact measure of damages to be recovered ; and the measure of damages being expressly defined by a statutory provision, nothing can be added thereto by way of punishment or example. Ample punishment for this class of wrongs was provided by s. 9, c. 94, Gen. Sts., of which this act is an amendment, and it cannot be said that the Legislature intended to punish twice for the same offence. The establishment of such a doctrine would be in conflict with sound principles. It is also repugnant to a correct sense of justice that one person should be punished for the wilful act of another, and the statute should receive no such construction. *Smith* v. *Wilcox*, 47 Vt. 537 ; 2 Greenl. Ev. s. 253 and note.

*Hix* (*Brigham* and *Davenport & Eddy* with him), for plaintiff.

The court properly overruled the motion to dismiss. The statute gives to a married woman a cause of action in her own right. It was its purpose to give a married woman a remedy for a wilful injury committed upon her person by a drunken husband, by action against the party who unlawfully aided in making him drunk. Acts of 1869, No. 4, s. 3 ; Acts of 1874, No. 27, s. 1.

The motion to dismiss was filed out of time. The personal disability to sue, by reason of coverture, is matter of abatement merely. In order to take any advantage of such a defect, de-

fendant must file his plea or motion on or before the third day of the first term. 1 Steph. Nisi Prius 742; 1 Chit. Pl. 448 and notes; *Bates* v. *Stevens*, 4 Vt. 545.

The testimony of the plaintiff, showed on the part of her husband the wilful purpose to do the acts constituting the injury; and the court rightly charged the jury that, if they believed her testimony, that part of the case was made out. We think the case, upon the testimony and charge, is within the rule as settled by this court. *Smith* v. *Wilcox*, 47 Vt. 537.

The court properly permitted the plaintiff's husband to testify " that all the liquor he saw or drank that day, and on which he got intoxicated, was unlawfully furnished by defendants." The statute makes him a competent witness when it declares that " no person shall be disqualified as a witness by reason of the marriage relation, in any proceeding under this act." Acts of 1874, No. 27, s. 1. The words " under this act" relate to the act of Nov. 16, 1869, as amended by the act of 1874. This is a statute regulating procedure. It applies as well to pending as to other suits, and is not subject to criticism as being retrospective in its operation. · Sedgw. Stat. Law, 161; *Richardson* v. *Cook*, 37 Vt. 599; *Johnson, admr.* v. *Dexter*, 37 Vt. 645; *Hulett* v. *Hulett*, 37 Vt. 581; *Calderwood* v. *Hulett*, 38 Vt. 171.

The injury to plaintiff was the result of a wanton and wilful violation of a plain statute. For that violation, defendants were liable criminally. The conduct of plaintiff's husband was wantonly cruel. For his conduct, defendants are reponsible to the same extent that he would be. It is plain, then, that the case is a proper one for exemplary damages. Sedgw. Dam. 38, 454; 3 Parsons Cont. 6th ed. 169 *et seq.;* 2 Greenl. Ev. s. 253 and notes; *Nye* v. *Merriam*, 35 Vt. 438; *Devine* v. *Rand*, 38 Vt. 621; *Ellsworth* v. *Potter*, 41 Vt. 685; *Edwards* v. *Leavitt*, 46 Vt. 126; *Smith* v. *Wilcox*, 47 Vt. 537. These cases fully support the charge of the court below. Whether the right to ·recover exemplary damages in cases of fraud, malice, wanton conduct, or flagrant violations of statute law, is a strict legal right, or a right depending upon the sound discretion of a jury after consideration of all the circumstances, is a matter of no practical importance.

*Earle and Wife* v. *Tupper,* 45 Vt. 275 ; *Jerome* v. *Smith,* 48 Vt. 230 ; *Boardman* v. *Goldsmith,* 48 Vt. 403.

The opinion of the court was delivered by

ROYCE, J. This suit was entered at the April Term of Windham County Court, 1875, and was continued to the September Term, 1876, at which term the defendants' motion to dismiss was filed. The motion was predicated upon the allegation in the declaration, that at the time of the commencement of the plaintiff's action, she was the wife of one Ira A. Snow, who was not joined with her in bringing the suit. Under the common law, the husband and wife must join in suits to recover for injuries done to the wife or her property during coverture. And if the wife sues alone, the non-joinder of the husband can only be taken advantage of by plea in abatement. *Milner* v. *Milner,* 3 T. R. 627 ; *Morgan* v. *Painter,* 6 T. R. 365 ; *Bates* v. *Stevens,* 4 Vt. 545.

But conceding that the non-joinder of the husband might, in this case, have been taken advantage of by a motion to dismiss, such a motion must be regarded as in the nature of a plea in abatement, and if not filed within the time limited for the filing of such pleas, the right to take advantage of the non-joinder is considered as waived. The motion was not seasonably filed, and for that reason the court was justified in overruling it, without deciding the question as to the right of the wife, under the act of 1869, to bring suit in her name alone. *Pollard* v. *Wilder,* 17 Vt. 48 ; *Montpelier* v. *Andrews,* 16 Vt. 604 ; *Barnet* v. *Emory,* 43 Vt. 178.

The right of the husband to testify as a witness for his wife, must depend upon the construction to be given to No. 27 of the Acts passed in 1874. That statute is entitled, an act in amendment of the act of 1869, under which this suit is brought, and provides that no person shall be disqualified as a witness by reason of the marriage relation, in any proceedings under this act. The act of 1869 remained in force after the passage of the statute in 1874, except as it was changed or modified by that statute. The statute of 1874 did not affect any vested right that had accrued under the act of 1869, but simply changed the rules of evidence by which the right might be determined, by removing

the common-law disqualification of witnesses resulting from the marriage relation. This was clearly within the legislative power of the state ; and the husband was properly permitted to testify.

By the defendants' first and second requests, the court was requested to charge that, to entitle the plaintiff to recover, she must show that the injury to her was occasioned by the wilful act of the husband, and if the injury was occasioned by accident incident to and the result of careless driving of her husband, and without any wilful intent on his part to injure her, she could not recover. The court did not comply with those requests any farther than to charge that if the jury believed what the plaintiff had testified to as to the manner' of her husband's driving, what he said and did, and his management of the horse — drunk as he was — the plaintiff was thrown from the wagon down the bank and injured, then it was a wilful act on his part, and the plaintiff was entitled to recover, — thus making the plaintiff's right of recovery dependent upon the belief that the jury might entertain of the truthfulness of her testimony.

. Adopting the construction of the term *wilful act* that was given in *Smith* v. *Wilcox*, 47 Vt. 537, by the learned judge who presided in the court below, it seems to us, from a careful perusal of the plaintiff's evidence as detailed in the exceptions, that, admitting the entire truthfulness of that evidence, it does not necessarily follow that the injury she received resulted from the wilful act of her husband. The question of whether the act of her husband was wilful or not, was a question of fact ; and if it had been submitted to the jury upon her evidence, with proper instructions as to what in law would constitute a wilful act, they might have found that some of the essential elements to make the act wilful, as defined in the case before referred to, were wanting. We think it was the right of the defendants to have the question so submitted, and that the second request should have been complied with.

The defendants further requested the court to charge, "that the plaintiff was not entitled to recover anything by reason of any striking, shaking or beating she received from her husband after the accident occurred ;" and as to this request, the court did not

charge.   No question appears to have been made upon the admissibility of the evidence tending to show that such injuries were received ; and it may have been offered for the purpose of showing that the husband was intoxicated at the time.   By reference to the declaration, it will be seen that no injuries of that character are alleged.   But on the contrary the injuries which it is alleged the plaintiff sustained, are stated as the direct result of the overturning of the wagon.   Hence, upon familiar principles, no recovery could be had for such injuries, for the reason that they were not embraced in the declaration.   But in the absence of any instructions by the court upon the subject, the jury may have considered those injuries in their estimate of damages.   The request should have been complied with.

There was error in the charge upon the subject of damages. It seems to be well settled in this state, that a party is not entitled as a matter of legal right, to exemplary damages in any case. *Earle and Wife* v. *Tupper,* 45 Vt. 275 ; *Hoadley* v. *Watson,* 45 Vt. 289 ; *Jerome* v. *Smith,* 48 Vt. 230 ; *Boardman* v. *Goldsmith,* 48 Vt. 403.   The error consisted in the instruction to the jury, that the plaintiff was entitled to exemplary damages, and the error was not cured by the explanation which was made by the court.   From all that appears to have been said by the court upon the subject, it is probable that the jury understood that the plaintiff was entitled to exemplary damages as a legal right, and the explanation, as defining the purposes for which they were given, as that the giving or refusing them was a matter entirely within their discretion.

Judgment reversed, and cause remanded.