## PATRICK A. ROACH *v.* MATTHEW J. CALDBECK.

*How far stenographic transcript a part of exceptions. Exclusion of unanswered question not error. Assault and battery. Damages. Pecuniary ability. Criminal conviction. Evidence.*

1.  Where the stenographic transcript of the trial is referred to by the exceptions for certain purposes, it is before the Supreme Court only in those particulars.

2.  Error cannot be predicated upon the exclusion of a question merely; it must appear what the answer would have been and that its exclusion was erroneous.

3.  In an action for assault and battery evidence of the pecuniary ability of the defendant is not admissible upon the question of· actual damages.

4.  In such an action evidence of the relations of the parties at the time of the assault is admissible, but evidence of past controversies is not, although they may have lead up to the affray.

5.  It was error to permit the plaintiff to show that the defendant entered a complaint against him for intoxication directly after the assault.

6.  Evidence that the defendent has been criminally prosecuted and paid a fine for the same assault is not admissible upon the question of exemplary damages.

38

Trespass for an assault and battery. Plea, the general issue. Trial by jury at the December term, 1891, Start, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The testimony of both parties tended to show that on the 16th day of June, 1890, the defendant assaulted the plaintiff and struck him several blows. The plaintiff insisted that the assault was unprovoked and very aggravated. The defendant claimed upon the contrary, that he did not violently assault the plaintiff, and that he was provoked by the conduct of the plaintiff to make the assault which he did.

Upon this last point the defendant offered to show that for some six months previous to the time of the assault there had been in progress a controversy between the defendant, who was a catholic, and certain other catholics, in the village of St. Johnsbury, in reference to the education of catholic children in the public schools; that in this controversy the plaintiff had been opposed to the defendant and had taken all possible means to injure the defendant with his neighbors, and even in his own family, and to irritate and provoke him, and that the assault in question was the result of these past controversies. The court excluded this testimony under the exception of the defendant.

The plaintiff was allowed to show, against the exception of the defendant, that on the 23d day of June, 1890, the defendant entered a complaint against him for intoxication, upon which the plaintiff was prosecuted and found guilty.

The other questions raised by the exceptions and decided by the court sufficiently appear in the opinion.

*Ide & Quimby* and *Harry Blodgett*, for the defendant.

It was error to permit the plaintiff to show by the cross examination of the defendant what his pecuniary circumstances were. *Rea* v. *Harrington*, 58 Vt. 181.

The defendant should have been permitted to show the relations between himself and the plaintiff as bearing upon the question of exemplary damages ; and in this view, the past con-

troversies between the parties were pertinent.    *Fraser* v. *Berk-ely*, 7 C. & P. 621 ; *Moore* v. *Hill*, 62 Vt. 424.

The plaintiff should not have been permitted to show by the State's attorney that the defendant entered a complaint against him for intoxication.    Such evidence is against public policy. *United States* v. *Moses*, 4 Was. C. C. 725 ; *State* v. *Soper*, 16 Me. 293 ; 32 Am. Dec. 665 ; *Rex* v. *Bardy*, 24 How. St. Tr. 808-811 ; *Rex* v. *Watson*, 2 Starkie, 136 ; *Rex* v. *Watson*, 32 How. St. Tr. 100 ; *Atty. General* v. *Briant*, 15 M. & W. 169 ; 1 Whart. Cr. Law, s. 776 ; *Humphrey* v. *Douglas*, 10 Vt. 71 ; *Humphrey* v. *Douglas*, 11 Vt. 22 ; *Bank* v. *Bank*, 27 Vt. 505 ; *Chatfield* v. *Wilson*, 28 Vt. 49 ; *In re* Foster, 44 Vt. 570.

That the defendant had been prosecuted criminally and paid his fine was admissible upon the question of exemplary damages. *Gilbraith* v. *Allen*, 10 Ind. 67 ; *Flannagan* v. *Wamack*, 54 Tex. 45.

*Bates & May* and *W. P. Stafford*, for the plaintiff.

That the defendant had been prosecuted criminally for the same assault, had no bearing upon the question of exemplary damages.    *Edwards* v. *Leavitt*, 46 Vt. 126 ; *Hoadley* v. *Watson*, 45 Vt. 289 ; *Cook* v. *Ellis*, 6 I. Hill 466 and cases there cited.

It was proper to show the defendant's pecuniary means and social standing upon the question of damages.    *Rea* v. *Harrington*, 58 Vt. 181 ; *Goldsmith's Admr.* v. *Joy*, 61 Vt. 488.

Causes provoking an assault are not admissible unless immediately preceding it so as to form a part of one transaction. Sedg. Dam. 639 and note, 5 Ed.; *Dupree* v. *Lentine*, 147 Mass. 580 ; *Jacaway* v. *Dula*, 7 Yerg. 82 ; S. C. 27 Am. Dec. 492 ; *Lee* v. *Woolsey*, 19 Johns. 319 ; S. C. 10 Am. Dec. 230 ; *Keiser* v. *Smith*, 71 Ala. 481 ; S. C. 46 Am. Rep. 342.

There was no error in permitting the plaintiff to show that the defendant had entered a complaint against the plaintiff for intoxication.    This fact was brought out upon the cross-examina-

tion of the State's attorney, who had been introduced by the defendant for the purpose of showing the plaintiff's condition on the 16th and 23d days of June. The State's attorney made no objection to answering the question, and the Court properly admitted it as a matter of discretion. *Clark* v. *Field,* 12 Vt. 485 ; *Welcome* v. *Batchelder,* 23 Me. 85 ; *State* v. *Soper,* 16 Me. 293 ; *Worthington* v. *Scribner,* 109 Mass. 487 and cases therein cited.

The opinion of the court was delivered by

TAFT, J. 1. The question, whether there was error in the plaintiff's answer in respect of the defendant's prominence in society, is not shown by the record. It appears in the tran_script of the trial, and the transcript is referred to for certain purposes, but not for the purpose of showing that exception. Therefore it is not before us and is not considered.

2. The plaintiff was asked upon cross-examination this question, "Mr. Caldbeck took care of you at times when you were sick," and the defendant was asked in his examination in chief, "You have stated you have been acquainted with Mr. Roach for years, were boys together, want to know if you had seen him so that you knew how he looked, how he appears at times when he was coming out of these spells of intoxication ? " The plaintiff objected to both questions and the answers were excluded. What the answers would have been, had they been given, is not shown ; therefore error does not appear.

3. The Court admitted evidence of the defendant's pecuniary ability, what property he had, its value, and what incumbrances were on the same, as bearing upon the question of actual damages. Such is the construction we give the bill of exceptions. Upon the subject of actual damages the evidence was inadmissible, and in its admission there was error. As the testimony was not admitted upon the subject of exemplary damages, we have no occasion to pass upon that question.

4. The Court committed no error in rejecting the defendant's offer of evidence respecting the controversies of the parties

for some months prior to the assault. The ruling of the Court was as favorable to the defendant as the law permitted. The relations of the parties at the time of the assault, was a proper subject of inquiry upon the trial, but the details of their past controversies would afford scant light to aid the jury in determining any of the questions then being solved, and would have brought forth, judging from the offers of evidence, a flood of interminable collateral questions, not in the least germane to the points in issue between the parties.

5. The Court permitted the plaintiff to show that the defendant entered a complaint against the plaintiff in a prosecution for intoxication. In this there was error. We can see no ground upon which that fact was admissible, and public policy requires that the names of informers should not be disclosed.

6. Did the Court err in not complying with the denfendant's request, that having been prosecuted criminally for the assault upon the plaintiff, and paid his fine, that fact might be taken into account and considered by the jury in reduction of exemplary damages? This point was ruled against the defendant in *Hoadley* v. *Watson*, 45 Vt. 289. And this ruling seems to be required by the principle stated by Wheeler, J., as governing the award of exemplary damages, in *Earl* v. *Tupper*, *Ibid*, 275, viz: "That the jury, in cases proper for exemplary damages, are to be governed wholly by the malice or wantonness of the defendant, as shown by the conduct they find him liable for in the action, in awarding them." The same learned judge in *Hoadley* v. *Watson*, *supra*, says: "Exemplary damages are not given in lieu of punishment." We are not disposed to overrule *Hoadley* v. *Watson*, and therefore hold there was no error in the refusal of the Court to comply with the request, nor in the charge as given. These are all the questions insisted upon.

*Judgment reversed and cause remanded.*